**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MICHAEL A. LEON, | CASE NO. 5:13-cv-05481 EJD |
| Plaintiff(s), | **ORDER GRANTING PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS; DISMISSING COMPLAINT WITH LEAVE TO AMEND** |
| v. | |
| EXPONENT, INC., et. al., | |
| Defendant(s). | [Docket Item No(s). 2, 3] |

## I.   INTRODUCTION

Pro se Plaintiff Michael A. Leon ("Plaintiff") commenced the instant action against Defendants Exponent Inc. ("Exponent"), The Boeing Company ("Boeing"), Fiona Grieg ("Grieg")[1], and a number of additional unnamed defendants for alleged violations of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e et. seq.  Presently before the court is Plaintiff's application to proceed in forma pauperis ("IFP").  See Docket Item No. 2.  After a careful review of the Complaint, the court has determined that Plaintiff's IFP application will be granted but that the Complaint must be dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2).

## II.   DISCUSSION

Pursuant to 28 U.S.C. § 1915(e)(2), federal courts are authorized to pre-screen claims filed by IFP plaintiffs prior to service and may dismiss a case at any time the court determines that: (1)

---

[1] In this Order, the named defendants are referred to collectively as "Defendants."

the allegation of poverty is untrue; (2) the action is frivolous or malicious; (3) the action fails to state a claim; or (4) the action seeks monetary relief from a defendant who is immune from such relief. Dismissals under this section are not dismissals on the merits. See Denton v. Hernandez, 504 U.S. 25, 34 (1992).

"[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000); see also Andrews v. King, 398 F.3d 1113, 1121 (9th Cir. 2005); see also Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998) (noting that § 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)"). At the same time, however, dismissal is proper where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). Indeed, "for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). Legal conclusions without facts to support them will not do; the allegations in the complaint "must be enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).

Where, as here, the pleading at issue is filed by a plaintiff proceeding pro se, it must be construed liberally. Resnick, 213 F.3d at 447. But while the standard for review is liberal, the court may not "supply essential elements of claims that were not initially pled." Ivey v. Bd. of Regents of the Univ. of Alaska, 673 F.2d 266, 268 (9th Cir. 1982). "[A] pro se plaintiff must still satisfy the pleading requirements of Federal Rule of Civil Procedure 8(a)." Jackson v. Napolitano, CV-09-1822-PHX-LOA, 2010 U.S. Dist. LEXIS 413, at *6, 2010 WL 94110 (D. Ariz. Jan. 5, 2010) (internal citations omitted). Accordingly, the pro se complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8.

According to the Complaint filed in this case, Plaintiff seeks relief pursuant to § 2000e-3 of Title VII. The problem with the allegations in their current form, however, is that they fail to state a

claim generally under Title VII and specifically under § 2000e-3, even when liberally construed.

As a general matter, Plaintiff has not adequately alleged the type of relationship between himself and any defendant which would bring this case within the purview of Title VII.  Under Title VII, only "employment" relationships are protected; the "operative term" being the word "employment."  Bender v. Suburban Hosp., Inc., 159 F.3d 186, 189 (4th Cir. 1998).  "That is, the clause presumes the existence of an employer-employee relationship . . . in contrast to, for example, an independent contracting relationship."  Id.  In other words, "there must be some connection with an employment relationship for Title VII protections to apply."  Luchter v. Musicians Union Local 47, 633 F.2d 880, 883 (9th Cir. 1980).

Here, Plaintiff does not allege a direct employment relationship between himself and any named defendant.  Instead, he states that he is "a former employee of Securaplane Technolgies" which was a "subcontractor of the Boeing Company."  That is not enough to show that Boeing (or any other defendant for that matter), as opposed to Securaplane Technologies, possessed "the sort of direct, supervisory control over the daily details of [Plaintiff's] work to render it [his] employer," or at least a "joint" employer with Securaplane.  King v. Dalton, 895 F. Supp. 831, 841 (E.D. Va. 1995).  In addition, Plaintiff has not alleged that the actions of any defendant interfered with other employment opportunities; he merely alleges that Defendants, through Grieg, have "perpetuated negativity" causing loss of reputation, shame, mortification and injury to Plaintiff's feelings.  See Luchter, 633 F.2d at 883 n.3; see also Mitchell v. Frank R. Howard Mem. Hosp., 853 F.2d 762, 767 (9th Cir. 1988).[2]

As to § 2000e-3 specifically, Plaintiff has not provided sufficient allegations to support a prima facie case.  That particular section of Title VII  "prohibits retaliation against an employee 'because he has opposed any practice made an unlawful employment practice'" under the statutory scheme.  Nelson v. Pima Cmty. College, 83 F.3d 1075, 1082 (9th Cir. 1996) (quoting 42 U.S.C. §

---

[2] It is also worth noting that individual employees who do not also qualify as "employers" cannot be held liable for Title VII violations.  See Miller v. Maxwell's Int'l Inc., 991 F.2d 583, 587 (9th Cir. 1993); see also Little v. BP Exploration & Oil Co., 265 F.3d 357, 362 (6th Cir. 2001).  Thus, it is unlikely that Grieg, as an individual, is a proper defendant in this action unless it can be alleged that she, herself, somehow employed Plaintiff.

2000e-3(a)).  In order to state a claim for retaliation, a plaintiff must therefore allege "(1) a protected activity; (2) an adverse employment action; and (3) a causal link between the protected activity and the adverse employment action."  Cornwell v. Electra Cent. Credit Union, 439 F.3d 1018, 1034-35 (9th Cir. 2006).  The failure of any one of these elements defeats a retaliation claim.  See Villiarimo v. Aloha Island Air, Inc., 281 F.3d 1054, 1065 (9th Cir. 2002).

As stated, the "protected activity" element requires a plaintiff to show that he opposed an "unlawful employment practice," or one which discriminates based on "race, color, religion, sex, or national origin."  See 42 U.S.C. § 2000e-2(a) (defining unlawful employment practices).  In this Complaint, however, Plaintiff apparently alleges retaliation due to his discovery of a product's design flaw.  But pointing out problems with a product is not a "protected activity" because it is not made in opposition to a practice made unlawful by Title VII.  Thus, Plaintiff has not stated a claim under § 2000e-3.

For these reasons, the current version of Plaintiff's Complaint must be dismissed under 28 U.S.C. § 1915(e)(2).  While the court will allow Plaintiff an opportunity to amend, Plaintiff is advised that any amended complaint must (1) resolve the pleading issues identified above, and (2) exclude any material that is extraneous or irrelevant to a claim under Title VII, of which the current Complaint contains a significant amount.[3]  Failure to file an amended complaint within the time provided or failure to file an amended complaint that conforms to this order will result in the dismissal of this action without further leave to amend.

### III. ORDER

Based on the foregoing, Plaintiff's IFP application (Docket Item No. 2) is GRANTED.  However, upon review pursuant to 28 U.S.C. § 1915(e)(2), the Complaint is DISMISSED WITH

---

[3] In that regard, the court notes that portions of the Complaint are devoted to discussing discovery and the production of a report by Exponent.  Considering Plaintiff's parallel application under 28 U.S.C. § 1782 has been resolved against him (see Docket Item Nos. 13, 18 in Case No. 5:13-mc-80270 LHK), and in light of the lack of any allegation that Exponent ever employed Plaintiff, it appears that this action may be an attempt by Plaintiff to restate a claim under § 1782 and maintain it in this court.  Plaintiff is advised, however, that this Title VII action cannot be used as a substitute for one under § 1782.  Any amended complaint which demonstrates such a motivation will be dismissed as frivolous under 28 U.S.C. § 1915(e)(2).

1  LEAVE TO AMEND.  Any amended complaint must be filed on or before **February 3, 2014.**

2  Plaintiff's "Motion for Permission to E-file" (Docket Item No. 3) is DENIED.

4  **IT IS SO ORDERED.**

6  Dated:  January 2, 2014

EDWARD J. DAVILA
United States District Judge