1

2

3

4

5

6

7 IN THE UNITED STATES DISTRICT COURT

8 FOR THE NORTHERN DISTRICT OF CALIFORNIA

9 SAN JOSE DIVISION

10 MICHAEL A. LEON,                              CASE NO. 5:13-cv-05481 EJD

11                                              **ORDER DISMISSING COMPLAINT**

          Plaintiff(s),
12    v.

13 EXPONENT, INC., et. al.,

14

          Defendant(s).
15 _____/

16 **I.    INTRODUCTION**

17       On January 2, 2014, this court granted Plaintiff Michael A. Leon's ("Plaintiff") application

18 to proceed in forma pauperis ("IFP") but dismissed his original Complaint pursuant 28 U.S.C. §

19 1915(e)(2).  See Docket Item No. 9.  Specifically, the court determined that Plaintiff failed to state a

20 claim pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e et. seq.,

21 for two reasons: (1) the allegations did not adequately establish the existence of an employment

22 relationship between Plaintiff and any named defendant, and (2) the conduct at issue did not qualify

23 as an "unlawful employment practice" under Title VII.  While the court allowed Plaintiff leave to

24 file an amended complaint, it instructed Plaintiff to resolve the identified pleading deficiencies as

25 well as exclude the extensive amount of extraneous material included in the original Complaint.

26       Plaintiff filed an Amended Complaint on January 15, 2014, and then a Revised Amended

27 Complaint ("RAC") on January 17, 2014.  See Docket Item Nos. 13, 14.  As it did with the original

28 Complaint, the court has undertaken a review of the RAC, Plaintiff's later-filed pleading, under 28

1

U.S.C. § 1915(e)(2). Such review reveals that Plaintiff has abandoned claims under Title VII in favor of other common law claims. The review also reveals that the current version of this lawsuit is a familiar one to district courts throughout the country. Accordingly, for the reasons explained below, the court finds this action frivolous and malicious and will dismiss it on those grounds.

## II.   LEGAL STANDARD

Pursuant to 28 U.S.C. § 1915(e)(2), federal courts are authorized to pre-screen claims filed by IFP plaintiffs prior to service and may dismiss a case at any time the court determines that: (1) the allegation of poverty is untrue; (2) the action is frivolous or malicious; (3) the action fails to state a claim; or (4) the action seeks monetary relief from a defendant who is immune from such relief. Dismissals under this section are not dismissals on the merits. See Denton v. Hernandez, 504 U.S. 25, 34 (1992).

Generally speaking, "[a] complaint is frivolous within the meaning of [§ 1915(e)] if it lacks an arguable basis either in law or in fact. Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995) (citing Denton, 504 U.S. at 31).[1] But at the same time, "[t]here is no abuse of discretion where a district court dismisses under [§ 1915(e)] a complaint 'that merely repeats pending or previously litigated claims.'" Id. at 1105 n.2 (quoting Bailey v. Johnson, 846 F.2d 1019, 1021 (5th Cir. 1988)).

Here, the RAC contains causes of action with the following titles: defamation, invasion of privacy, false light, emotional distress, defamation per se and "criminal defamation." Plaintiff asserts these causes of action against four defendants: Exponent, Inc., The Boeing Company, Fiona Grieg, and Marc Birtel. Factually speaking, Plaintiff bases his claims on the allegation that Grieg "stated Plaintiff was a convicted felon perpetuating negativity in an attempt to further discredit Plaintiff concerning safety concerns." Plaintiff further alleges that Boeing and Grieg stated that he "was fired for internet email violation" and that Exponent "has been issuing report and statements for years that [Plaintiff] was responsible for lithium ion battery explosion" in Boeing Dreamliners.

This is not the first time Plaintiff has asserted these same, or very similar, causes of action

---

[1] Although it appeared in a different section of the statute at the time, the Cato court relied on the same language of § 1915 that currently appears in subsection (e). The court has corrected the reference in this order simply to prevent confusion.

against these same defendants based on the same exact factual allegations. Nor is it the second time, or even the third time. Indeed, it appears Plaintiff has filed this case in one form or another no less than *six times* in three other district courts.[2] In two cases filed in the Northern District of Illinois, Plaintiff filed Complaints against Boeing and Grieg for, inter alia, intentional infliction of emotional distress, negligent infliction of emotional distress, libel, slander, invasion of privacy and false light. See Case Nos. 1:13-cv-01679, 1:13-cv-02860. In three cases filed in the District of Arizona, Plaintiff filed Complaints against Boeing and Grieg for intentional infliction of emotional distress, negligent infliction of emotional distress, libel, slander, invasion of privacy and false light. See Case Nos. 4:13-cv-00111 CKJ; 4:13-cv-00286 JGZ; 4:13-cv-00289 DCB. And in one case filed in the Western District of Washington, Plaintiff filed a Complaint against Exponent,[2] Boeing, Grieg, and Birtel for defamation, false light, invasion of privacy, and emotional distress. See Case No. 2:14-cv-00095 RAJ. Notably, the district court in that action has granted Plaintiff's application to proceed in forma pauperis and Boeing has filed a Notice of Appearance. See Docket Item Nos. 3,7 in Case No. 2:14-cv-00095 RAJ. It therefore appears that the Washington action, which is nearly identical to this one, will proceed in some fashion.

All that being said, the court finds this action duplicative and, on that ground, unnecessary and frivolous since Plaintiff has alleged the same underlying conduct in each of those actions identified above. Plaintiff's claims against all of the instant defendants will be adequately addressed in other district courts, rendering this action superfluous. Moreover, it appears based on the court's review of the other Complaints that Plaintiff is presently engaged in a strategic litigation campaign against these defendants in order to ensure that one of his many cases succeeds past a pre-filing

---

[2] The court takes judicial notice of the Complaints filed in the following cases: (1) Leon v. Meggitt PLC, Case No. 4:13-cv-00111 CKJ; (2) Leon v. Meggitt PLC, 1:13-cv-01679 (N.D. Ill.); (3) Leon v. The Boeing Company, Case No. 1:13-cv-0002860 (N.D. Ill.); (4) Leon v. The Boeing Company, Case No. 4:13-cv-00286 JGZ (D. Ariz.); (5) Leon v. Grieg, Case No. 4:13-cv-00289 DCB (D. Ariz.); and (6) Leon v. Exponent Inc., Case No. 2:14-cv-00095 RAJ (W.D. Wash.). See Reyn's Pasta Bella, LLC v. Visa USA, Inc., 442 F.3d 741, 746 n.6 (9th Cir. 2006) (The court "may take judicial notice of court filings and other matters of public record.").

[2] The fact that Exponent was named as a defendant in the Washington action - a case commenced on January 21, 2014 - contradicts Plaintiff's representation in a Response filed in this case on January 28, 2014, that "Exponent has never once been named in litigations by [Plaintiff]." See Docket Item No. 16.

3

CASE NO. 5:13-cv-05481 EJD
ORDER DISMISSING COMPLAINT

review, or at the very least, in order to keep defendants occupied with litigation in many districts. That type of abusive conduct is the precise type that a § 1915 review is designed to prevent. As such, the court also finds this action meets the definition of malicious as that term is used in subsection (e)(2) of § 1915. See Bailey, 846 F.2d at 1021.

For these reasons, this action will be dismissed pursuant to § 1915(e)(2)(B)(i). In addition, the court finds that allowing for leave to amend would be futile considering its determination that this action is frivolous and malicious. Accordingly, the dismissal will be without leave to amend.

### III.   ORDER

Based on the foregoing:

1.   The Complaint is DISMISSED WITHOUT LEAVE TO AMEND pursuant to 28 U.S.C. § 1915(e)(2)(B)(i); and

2.   The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal taken from this order would not be in good faith. Plaintiff's in forma pauperis status is therefore REVOKED for any appellate proceedings that may arise in this action.

Since this Order effectively terminates this case, the Clerk is directed to close this file.

**IT IS SO ORDERED.**

Dated: February 10, 2014

EDWARD J. DAVILA
United States District Judge